```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIE GUERRERA TOOKER,

                    Appellant,            MEMORANDUM & ORDER
                                          17-CV-4589(JS)

        -against-

QUEST VENTURES LTD., ALLEN B. MENDELSOHN,
and IPA ASSET MANAGEMENT IV, LLC,

                    Appellees.
----------------------------------------X
```

APPEARANCES
For Appellant:          Marie Guerrera Tooker, pro se
                        P.O. Box 1082
                        Riverhead, NY 11901

For Appellees:
Quest Ventures,
Ltd.                    Richard F. Artura, Esq.
                        Phillips, Weiner, Quinn & Artura
                        165 S. Wellwood Avenue
                        P.O. Box 405
                        Lindenhurst, NY 11757

                        William Grausso, Esq.
                        Grausso & Foy, LLP
                        8 West Main Street, Suite 5
                        Patchogue, NY 11934

Allen B.
Mendelsohn              Avrum J. Rosen, Esq.
                        Fred S. Kantrow, Esq.
                        Law Offices of Avrum J. Rosen
                        38 New Street
                        Huntington, NY 11743

IPA Asset
Management, IV,
LLC                     Kevin J. Nash, Esq.
                        Goldberg Weprin Finkel & Goldstein LLP
                        1501 Broadway, 22nd Floor
                        New York, NY 10036

SEYBERT, District Judge:

Currently pending before the Court is an appeal filed by Appellant Marie Guerrera Tooker ("Appellant") from an order issued by Judge Robert E. Grossman in Appellee Quest Ventures Ltd.'s ("Quest" or the "Debtor") Chapter 7 bankruptcy proceeding. (See In re Quest Ventures Ltd., BR No. 15-75499.) On August 4, 2017, Appellant filed a Notice of Appeal in this Court seeking review of an order directing all parties to vacate (the "Order to Vacate") real property located at 3605 Middle Country Road in Calverton, New York known as Lot 29 ("Lot 29"). (Notice of Appeal, Docket Entry 1; Order to Vacate, In re Quest Ventures Ltd., BR No. 15-75499, Docket Entry 143.) The Order, which was issued by Judge Grossman on July 20, 2017 in response to motion by the trustee Allan B. Mendelsohn (the "Trustee"), directed all persons, including Appellant, to vacate Lot 29 after the Trustee became aware that Lot 29 was the property of the Debtor. (See Order to Vacate.)

Appellant contends that Judge Grossman erred when he directed to her to vacate Lot 29 because Lot 29 is not property of the Debtor. (Appellant's Br., Docket Entry 5, at 9-10.) The Trustee counters that both Judge Grossman--during Quest's bankruptcy--and Judge Paul J. Baisley ("Judge Baisley")--during the course of foreclosure proceedings in New York State Supreme Court--previously determined that Lot 29 is the property of Quest.

2

(Trustee's Br., Docket Entry 6, at 3.)  Thus, according to the Trustee, Appellant is barred from re-litigating this issue before this Court.  (Trustee's Br. at 3-8.)

## DISCUSSION

On appeal, this Court reviews the Bankruptcy Court's "legal conclusions de novo and its factual findings for clear error."  Townsend v. Ganci, 566 B.R. 129, 133 (E.D.N.Y. 2017). Factual findings are clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'"  In re Thakur, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting In re AMR Corp., 490 B.R. 470, 475 (S.D.N.Y. 2013)).  The district court reviews mixed questions of law and fact de novo.  Id.

The Court finds no error in Judge Grossman's issuance of the Order to Vacate.  Initially, Appellant has provided no support for her contention that Quest is not the rightful owner of Lot 29 because "the county clerk deleted this property lot number from the referee's deed."  (Appellant's Br. at 9.)  Further, even if this allegation was supported by evidence, Judge Grossman previously determined that Lot 29 was the property of the Debtor when he sustained an objection to Appellant's Proof of Claim which contained similar arguments regarding the ownership of Lot 29. (See Order Sustaining Obj., In re Quest Ventures Ltd., BR No. 15-75499, Docket Entry 56.)  Having made that determination, the Court

3

finds that it was appropriate for Judge Grossman to issue the Order to Vacate to allow the Trustee to fulfill his obligations.

Additionally, the Court finds that because the issue of ownership of Lot 29 was previously decided in a foreclosure proceeding before Judge Baisley--<u>Quest Ventures, Ltd. v. Abbess Farm, Ltd., et al.</u>, Index No. 8935/2008 (the "Foreclosure Action")--Appellant may not re-litigate this issue in Quest's bankruptcy proceedings or before this Court. Collateral Estoppel in New York "'bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action.'" <u>Yeshiva Imrei Chaim Viznitz of Boro Park, Inc. v. City of N.Y.</u>, 496 F. App'x 122, 123 (2d Cir. 2012) (quoting <u>In re Hyman</u>, 502 F.3d 61, 65 (2d Cir. 2007)). This doctrine prevents a party from re-litigating an issue "clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." <u>Wilson v. HSBC Bank, USA</u>, No. 16-CV-8405, 2018 WL 1449204, at *10 (S.D.N.Y. Mar. 22, 2018) (internal quotation marks and citations omitted) (ellipsis in original). Judge Baisley determined that Lot 29 was the property of Quest and granted Quest's motion for a judgment of foreclosure and sale. (<u>See</u> Jan. 2010 Order, <u>In re Quest Ventures Ltd.</u>, BR No. 15-75499, Debtor's

Resp., Ex. A-1, Docket Entry 55-1; Nov. 2011 Order, In re Quest Ventures Ltd., BR No. 15-75499, Debtor's Resp., Ex. A-2, Docket Entry 55-2; June 2012 Order, In re Quest Ventures Ltd., BR No. 15-75499, Debtor's Resp., Ex. A-3, Docket Entry 55-3; Dec. 2014 Order, In re Quest Ventures Ltd., BR No. 15-75499, Debtor's Resp., Ex. A-4, Docket Entry 55-4.) Moreover, Appellant filed several motions and orders to show cause challenging Judge Baisley's determination, which indicates that she had a full and fair opportunity to litigate the ownership of Lot 29. (See, e.g., Jan. 2010 Order; June 2012 Order; Dec. 2014 Order.) Thus, the doctrine of collateral estoppel bars Appellant from challenging the ownership of Lot 29 in this appeal.

CONCLUSION

For the foregoing reasons, Judge Grossman's Order to Vacate is AFFIRMED, and this appeal is DENIED. The Trustee is directed to mail a copy of this Order to the pro se Appellant and file proof of service on ECF promptly. The Clerk of the Court is directed to mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  30 , 2018
       Central Islip, New York